UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FELIPE GONZALEZ-MANZANO,

      Petitioner,

    v.                                 Case No.:  2:26-cv-01314-SPC-DNF

ATTORNEY GENERAL *et al*,

      Respondents,

                                       /

## <u>OPINION AND ORDER</u>

Before the Court are petitioner Felipe Gonzalez-Manzano's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).  For the below reasons, the Court grants the petition.

Gonzalez-Manzano is a native of Cuba who entered the United States on in July 1999 and became a lawful permanent resident.  Following a conviction for lewd or lascivious exhibition, an immigration judge ordered him removed on October 22, 2003.  Immigration and Customs Enforcement ("ICE") was unable to remove him, so it released him under an order of supervision on February 13, 2004.  ICE detained Gonzalez-Manzano again on October 26, 2025, and revoked his order of supervision about a week later.  ICE has attempted to remove Gonzalez-Manzano, but Mexico refused to accept him in December 2025, and Cuba refused in January 2026.  Gonzalez-Manzano

argues his continued detention is unlawful because the government cannot remove him.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government acknowledges the six-month period for presumptively reasonable detention has expired, so *Zadvydas*'s burden-shifting framework applies. Gonzalez-Manzano has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. ICE was unable to remove him in 2004, and both Mexico and Cuba have refused to accept him since ICE arrested him in October. The burden thus shifts to the government, but it makes no attempt at rebuttal.

The Court finds no significant likelihood Gonzalez-Manzano will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Gonzalez-Manzano to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Felipe Gonzalez-Manzano's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Gonzalez-Manzano within 24 hours of this Order and provide him telephone access so he can arrange his transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 14, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record